Floyd W. Bybee, #012651
**FLOYD W. BYBEE, PLLC**
2173 E. Warner Road, Suite 101
Tempe, Arizona 85284
Office:  (480) 756-8822
Fax: (480) 756-8882
floyd@bybeelaw.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Tonni Tenuta,** | No. |
|     Plaintiff, | |
| v. | |
| | **COMPLAINT** |
| **Wolpoff & Abramson, L.L.P.,** | |
|     Defendant. | (Jury Trial Demanded) |

Plaintiff, Tonni Tenuta, by and through counsel undersigned and in good faith, alleges as follows:

### I.   PRELIMINARY STATEMENT

1.   Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq*. (hereinafter "FDCPA").  In the course of attempting to collect a debt allegedly owed by Plaintiff, Defendant engaged in deceptive, unfair and / or abusive debt collection practices in violation of the FDCPA.

1    Plaintiff accordingly seeks to recover actual
2    damages, and statutory damages, as well as
3    reasonable attorney's fees and costs.

4         **II.   STATUTORY STRUCTURE OF FDCPA.**

5    2.  Congress passed the FDCPA to eliminate abusive debt
6        collection practices by debt collectors, to insure
7        that those debt collectors who refrain from using
8        abusive debt collection practices are not
9        competitively disadvantaged, and to promote
10       consistent state action to protect consumers against
11       debt collection abuses. FDCPA § 1692.

12   3.  The FDCPA is designed to protect consumers who have
13       been victimized by unscrupulous debt collectors
14       regardless of whether a valid debt exists. <u>Baker v.</u>
15       <u>G.C. Services Corp.</u>, 677 F.2d 775, 777 (9th Cir.
16       1982).

17   4.  The FDCPA defines a "consumer" as any natural person
18       obligated or allegedly obligated to pay any debt.
19       FDCPA § 1692a(3).

20   5.  The FDCPA defines "debt" as any obligation or
21       alleged obligation of a consumer to pay money
22       arising out of a transaction in which the money,
23       property, insurance, or services which are the
24       subject or the transaction are primarily for
25       personal, family, or household purposes. FDCPA §
26       1692a(5).

1    6.   The FDCPA defines "debt collector' as   any person
2         who uses any instrumentality of interstate commerce
3         or the mails in any business the principal purpose
4         of which is the collection  of any debts, or who
5         regularly collects or attempts to collect, directly
6         or indirectly, debts owed or due or asserted to be
7         owed or due to another.  FDCPA § 1692a(6).
8    7.   Any debt collector who fails to comply with the
9         provisions of the FDCPA is liable for any actual
10        damage sustained; statutory damages up to $1,000;
11        attorney's fees as determined by the Court and costs
12        of the action. FDCPA § 1692k.

13                   **III.   JURISDICTION**

14   8.   Jurisdiction of this Court, over this action and the
15        parties herein, arises under 15 U.S.C. §1692k(d)
16        (FDCPA), and 28 U.S.C. §1337.   Venue lies in the
17        Phoenix Division of the District of Arizona as
18        Plaintiff's claims arose from acts of the Defendant
19        perpetrated therein.

20                       **IV.   PARTIES**

21   9.   Plaintiff is a citizen of Maricopa County, Arizona.
22   10.  Plaintiff was allegedly obligated to pay a consumer
23        debt and is a "consumer" as defined by FDCPA
24        §1692a(3).
25   11.  Defendant Wolpoff & Abramson, L.L.P. (hereinafter
26        "Wolpoff") regularly collects or attempts to collect

                              - 3 -

1    debts owed or asserted to be owed or due another

2    12.  Wolpoff is a "debt collector" as defined by FDCPA

3         §1692a(6).

4                    **V.   FACTUAL ALLEGATIONS**

5    13.  In June 2004, Old Navy Stores offered Plaintiff a

6         discount on her purchase if she completed a credit

7         card application for an Old Navy Store charge card.

8    14.  Plaintiff agreed and filled out the Old Navy account

9         application at the store, even though she had no

10        intent in ever using the card.

11   15.  At the time of the purchase, Plaintiff had handed

12        the clerk her bank card, and had requested that her

13        purchase be paid for with her bank card.

14   16.  Plaintiff never received any monthly billing

15        statements from Old Navy, but never thought about it

16        because in her mind she had not made any charges on

17        the account.

18   17.  In or about March 2005, Plaintiff received a

19        telephone message from NCC Business Services, Inc.

20        ("NCC") concerning a debt allegedly owed to GE Money

21        Bank for an Old Navy charge card.

22   18.  This was first notice Plaintiff had received

23        concerning any charges on the Old Navy account.

24   19.  In March 2005, Plaintiff also received a letter from

25        NCC claiming that Plaintiff owed a balance of

26        $333.61 to GE Money Bank.

20. Plaintiff returned the call to NCC a few days later and disputed the debt over the phone.

21. During her telephone call(s) with NCC, Plaintiff also requested that NCC provide Plaintiff with copies of any billing statements on the account.

22. As of June 8, 2005, Plaintiff had not received any response from NCC, so Plaintiff sent a letter directly to GE Money Bank requesting the documents that NCC had promised to send.

23. That same day, Plaintiff also sent a letter to NCC following up on her verbal dispute in March 2005.

24. On or about June 17, 2005, Plaintiff received a letter responding to hers from GE Money Bank. Attached to GE Money Bank's letter, where copies of the account application, and seven (7) billing statements addressed to Plaintiff, but which Plaintiff never received.

25. After receiving these documents, and recognizing that she owed GE Money Bank for the initial charge on the account, Plaintiff contacted GE Money Bank to discuss resolution of the account. At that time, Plaintiff was willing to pay for the original charge on the account, but not the late fees and interest that had accrued.

26. GE Money Bank told Plaintiff that it could not assist her in resolving the account because the

1    account had been sent to collections.

2    27.  In August 2005, Plaintiff began receiving numerous

3         telephone calls from Defendant Wolpoff, leaving at

4         least two (2) or three (3) messages each day.

5    28.  Beginning in August 2005, Plaintiff also received

6         some letters from Wolpoff concerning the Old Navy

7         account.

8    29.  In February 2006, Plaintiff received a letter from

9         Wolpoff offering to settle the account for $166.81,

10        which was close to the original charge on the

11        account, if paid by March 21, 2006.

12   30.  Plaintiff accepted Wolpoff's offer and sent a

13        certified check for $166.81 to Wolpoff on February

14        27, 2006. Plaintiff included a note with the check

15        asking that Wolpoff confirm in writing that the

16        account has been settled in full.

17   31.  Plaintiff's check was received and deposited by

18        Wolpoff sometime before March 6, 2006, which was

19        well before the deadline of March 21, 2006.

20   32.  On or about March 24, 2006, Plaintiff began

21        receiving phone calls and messages from National

22        Enterprise Systems (NES), a collection agency,

23        concerning the Old Navy account.

24   33.  On April 4, 2006 Plaintiff returned a call to NES

25        who said that it was collecting on the Old Navy

26        account. Plaintiff explained to NES that she had

settled the account in full with Wolpoff a month before.

34. Plaintiff then called Wolpoff concerning NES's claim that there was a remaining balance owed on the account.

35. The collector from Wolpoff told Plaintiff that she still owed $333 on the account and that it had not been paid.

36. Plaintiff told the collector that she had sent a certified check for the settlement amount within the time required by Wolpoff's letter, and then disputed that any amount was still owing.

37. On April 7, 2006 Plaintiff received a letter from NES which stated that the balance owing was $166.80.

38. Upon information and belief, Wolpoff had no authority from GE Money Bank to accept $166.81 as full settlement of Plaintiff's Old Navy account.

39. Upon information and believe, Wolpoff failed to notify GE Money Bank that Plaintiff had paid the settlement amount and that the account was deemed settled in full.

40. As a result and proximate cause of Defendant's actions, Plaintiff has suffered actual damages, including, but not limited to, emotional distress, humiliation, and embarrassment.

41. Defendant's actions were intentional, willful, and

in gross or reckless disregard of the rights of Plaintiff and part of its persistent and routine practice of debt collection.

42. In the alternative, Defendant's actions were negligent.

## VI.   CAUSES OF ACTION

### a.   Fair Debt Collection Practices Act

43. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs.

44. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§1692d, 1692e, 1692e(2)(A), 1692e(8), 1692e(10), and 1692f(1).

45. As a direct result and proximate cause of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages for which Defendant is liable.

## VII.   DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

a)   Statutory damages of $1,000 pursuant to §1692k;

b)   Actual damages in an amount to be determined at trial;

c)   Costs and reasonable attorney's fees pursuant to §1692k; and

d)   Such other relief as may be just and proper.


DATED ___April 21, 2006___.

**FLOYD W. BYBEE, PLLC**


_____s/ Floyd W. Bybee_____
Floyd W. Bybee, #012651
2173 E. Warner Road, Suite 101
Tempe, Arizona 85284
Office:  (480) 756-8822
Fax: (480) 756-8882
floyd@bybeelaw.com

Attorney for Plaintiff