**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Toni Tenuta, ) | No. CV-06-1131-PHX-LOA |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Wolpoff & Abramson, L.L.P., ) | |
| ) | |
| Defendant. ) | |
| ) | |

This is the time set for the Rule 16(b), FED.R.CIV.P. Scheduling Conference. Plaintiff is represented by counsel, Floyd W. Bybee. Defendant Wolpoff & Abramson, L.L.P. is represented by counsel, Pat Esquivel. Court reporter is not present.

This is an action by a consumer, against non-Arizona law firm that engages in the practice of debt collection, pursuant to the Fair Debt Collection Practices Act ("Act"), 15 U.S.C. § 1692 *et seq.*, which seeks to recover unspecified actual and statutory damages of $1000 for alleged "deceptive, unfair and/or abusive debt collection practices," together with Plaintiff's costs and reasonable attorney's fees authorized by the Act. (docket # 1, ¶ 1) Defendant admits that it regularly collects or attempts to collect debts but denies liability to Plaintiff and seeks its reasonable attorney's fees and costs in defending this action. (docket # 6 at ¶ 11) The parties agree that federal jurisdiction is based upon 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d) and that venue is proper. (docket # 19 at 6)

1  All parties have heretofore voluntarily consented to magistrate judge jurisdiction pursuant to 28 U.S.C. §636(c). (docket # 5 and # 10).  Pursuant to the parties' discussions with the Court today and their stipulations in their Rule 26(f) Joint Scheduling Conference Report (docket # 19), filed on September 27, 2006, as their proposed case management plan, the Court will set the various deadlines for the judicial management of this case.

**IT IS ORDERED** that the parties, by and through their counsel, shall comply with the following deadlines.  Stipulations extending the time for the doing of any act required by the Court or the Rules of Civil Procedure will be treated as a joint motion subject to Court approval. LRCiv. 7.3; Gestetner Corp. v. Case Equipment Company, 108 F.R.D. 138 (D. Maine 1985)(good cause not shown to amend scheduling order); Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir.1994)("Federal Rule of Civil Procedure 16 is to be taken seriously"). Continuances of these deadlines may be granted only upon a showing of good cause and by leave of the assigned trial judge. Settlement negotiations, however, do not constitute good cause.

1. The parties confirm that their Rule 26 initial disclosures have been exchanged and that no party has any objection to the inadequacy of the disclosure.

2. Filing motions to amend pleadings and motions to join additional parties by **November 20, 2006**.[1]

2. Because the Court believes that staggered expert disclosure is more fair and

---

[1] Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir.1992) (once scheduling order is filed pursuant to Rule 16(b), the good cause standard controls over the Rule 15(a) standard). In Coleman v. Quaker Oats Company, 232 F.3d 1271, 1294 (9th Cir. 2000), the Ninth Circuit stated:

> Generally, Federal Rule of Civil Procedure 15(a) liberally allows for amendments to pleadings. In this case, however, the district court correctly found that it should address the issue under Federal Rule of Civil Procedure 16 because it had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired before [plaintiffs] moved to amend.

1  will less likely result in requests for a modification of these deadlines, Plaintiffs' disclosure
2  of expert testimony and reports required under Rule 26(a)(2)(B), Fed.R.Civ.P. shall be made
3  by **January 8, 2007.** Defendant's disclosure of expert testimony and reports required under
4  Rule 26(a)(2)(B), Fed.R.Civ.P., shall be made by **February 12, 2007.** Plaintiffs' disclosure
5  of true rebuttal expert testimony and reports solely to contradict or rebut evidence as required
6  under Rule 26(a)(2)(C), Fed.R.Civ.P. shall be made by **March 16, 2007**.

7  Each testifying expert witness (regardless of whether such expert witness has or
8  has not been specifically retained for this case, such as, a treating physician, or if the expert
9  is an employee of the calling party) shall provide a written report to the adverse party as
10 required by Rule 26(a)(2)(B). <u>Minnesota Mining and Manufacturing Co. v. Signtech USA,
11 Ltd.</u>, 177 F.R.D. 459 (D. Minn. 1998).

12 No expert witness not timely disclosed will be permitted to testify unless the party
13 offering such witness demonstrates: (a) that the necessity of such expert witness could not
14 have been reasonably anticipated at the time of the deadline for disclosing such expert
15 witness; (b) the Court and opposing counsel or unrepresented party were promptly notified
16 upon discovery of such expert witness; and (c) that such expert witness was promptly
17 proffered for deposition. <u>Wong v. Regents of the University of California</u>, 379 F.3d. 1097
18 (9th Cir., 2004); Rule 37(c)(1), FED.R.CIV.P.

19 3. Disclosure of all known witnesses, exhibits and other matters under Rule
20 26(a)(3), Fed.R.Civ. P. and supplementation of all discovery pursuant to Rule 26(e),
21 Fed.R.Civ. P. by **June 4, 2007**.

22 4. Completion of all discovery: **July 20, 2007**.

23 5. Filing dispositive motions on or before **September 28, 2007**.

24 Pursuant to stipulation and good cause appearing,

25 Pursuant to Rule 5(b)(2)(D), FED.R.CIV.P. and this Court's adoption of rules
26 regarding electronic filing, the parties consent and agree that service under Rule 5(a) may be
27 obtained on the other party by delivering a copy of the document by electronic means.
28 Service by electronic means is complete upon transmission. The parties also advise the Court

1  that counsel are registered and will comply with the District Court's Case
2  Management/Electronic Case Filing ("CM/ECF") Administrative Policies and Procedures
3  Manual. See the District Court's internet site (www.azd.uscourts.gov) and click onto the
4  CM/ECF link for the details of the District Court's electronic filing system.

5  Counsel are hereby advised that the Court has various audio/visual equipment
6  available for use at an evidentiary hearing or trial at no cost to the Bar.  This equipment
7  includes an evidence presentation system, which consists of a document camera, digital
8  projector, and screen.  The projector may be used to display images which originate from
9  a variety of sources, including television, VCR, and personal computer.  The document
10 camera may be used to display documents, photographs, charts, transparencies, and small
11 objects.  For further information please contact the Court's A/V Specialist, Brian Lalley at
12 (602) 322-7131.

13 Counsel also advise the Court that discovery of electronically stored
14 information will not likely be an issue for judicial intervention.

15 **IT IS FURTHER ORDERED** that the Court may set an another Rule 16(b)
16 Scheduling Conference after the Court's ruling on all dispositive motions; after completion
17 of all discovery, if no dispositive motion is timely filed; or upon written request from any
18 party to discuss the setting of a jury trial and all issues related thereto, i.e. the length and
19 times of trial, motions in *limine*, Daubert hearings, etc.  Counsel shall bring their calendars
20 with them to this conference.

21 **IT IS FURTHER ORDERED** that the parties shall keep the Court apprised of
22 the possibility of settlement and should settlement be reached, the parties shall
23 immediately file a Notice of Settlement with the Clerk of the Court with a copy to this
24 Court's chambers. See, LRCiv 40.2(d).  This Court views compliance with the provisions
25 of this Order as critical to its case management responsibilities and the responsibilities of
26 the parties under Rule 1 of the Federal Rules of Civil Procedure.

27 **IT IS FURTHER ORDERED** that all counsel shall comply with the Rules of
28 Practice for the United States District Court for the District of Arizona ("LRCiv or

- 4 -

1  LRCrim"), as amended on December 1, 2004, and the Standards for Professional Conduct
2  for attorneys practicing in this federal court.  The District Court's Rules of Practice and
3  the subject Standards may be found on the District Court's internet web page at
4  www.azd.uscourts.gov/.

5         The parties are advised that when sufficient information has been disclosed
6  between the parties to fairly appreciate and evaluate the strengths and weaknesses of the
7  claims and defenses alleged in this case, a settlement conference before another U.S.
8  magistrate judge may be requested. The undersigned will also consider acting as a
9  settlement conference judge in this case provided all parties voluntarily consent and agree.
10 If the undersigned conducts a settlement conference in this case after such consent, the
11 Court will not thereafter excuse itself from this case. Delay in requesting, scheduling or
12 concluding a settlement conference or settlement negotiations do not constitute good cause
13 to continue or extend the deadlines set herein.

14        DATED this 2nd day of October, 2006.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge